**EXHIBIT A**

Attorney *in fact*:
Richard M. Zelma, *pro se*
940 Blanch Avenue
Norwood, New Jersey 07648

Tel: 201 767 8153
Attorney for *SELF*

SUPERIOR COURT OF NEW JERSEY
BERGEN COUNTY

# LAW DIVISION

Docket No.: BER - L -5562 -14

CIVIL ACTION

Richard M. Zelma
Plaintiff
Vs.
ALPHA GAS & ELECTRIC LLC, d/b/a ALPHA ENERGY
POWER PLUS USA, LLC, and DAVID WANOUNOU
Defendant(s)

# SUMMONS

## From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Michelle M. Smith
Clerk of the Superior Court

**DATED:** June 14, 2014
**Def.** ALPHA GAS & ELECTRIC LLC, d/b/a ALPHA ENERGY and DAVID WANOUNOU
**SERVE:** 34 Skylark Drive, Spring Valley New York 10977.

**Def.** POWER PLUS USA, LLC,
SERVE: VCORP Services, LLC, 5011 South State Road 7, Suite 106, Davie, FL 33314.

Revised 09/01/2010, CN 10792-English (Appendix XII-A)

RICHARD M. ZELMA
Richard M. Zelma, *Pro Se*
940 Blanch Avenue
Norwood, New Jersey 07648
TCPALAW@optonline.net
Tel: 201 767 8153

SUPERIOR COURT BERGEN COUNTY
**FILED**

JUN 1 0 2014

*Laura A. Grivaldoni*
DEPUTY CLERK

| | |
|---|---|
| Richard M. Zelma<br><br>Plaintiff<br><br>Vs.<br><br>ALPHA GAS AND ELECTRIC, LLC., a/k/a , d/b/a, ALPHA ENERGY, a New York Limited Liability Company;<br><br>and<br><br>POWER PLUS USA, LLC, a Florida Limited Liability Company;<br><br>and<br><br>DAVID WANOUNOU, individually and as owner, officer or managing member of Alpha Gas and Electric, LLC. a/k/a, d/b/a, Alpha Energy and as owner, officer or managing member of Power Plus USA, LLC.<br><br>and<br><br>Does' (1-5) and ABC Corporations' (1-5); each acting individually, in concert or as a group.<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br><br>BERGEN COUNTY<br><br>LAW DIVISION<br><br>DOCKET NO.: BER-L- 5562 -14<br><br><br>Civil Action<br><br>COMPLAINT FOR STRICT LIABILITY STATUTORY DAMAGES; TREBLED DAMAGES and PERMANENT INJUNCTIVE RELIEF |

## I. INTRODUCTION

1.   Plaintiff, Richard M. Zelma, residing at 940 Blanch Avenue, Norwood, New Jersey, by way of Complaint as against Defendants', says as follows:

-1-

2.  This suit is brought pursuant to applicable authorities; 47 U.S.C. §§227 (b)(1)(B)&(c)(5)(C), (the Telephone Consumer Protection Act of 1991) (Hereinafter "The TCPA") which prohibits the initiation of unsolicited marketing calls made by telephone to persons who have previously registered their phone numbers on the federal and states no-call registry. As set forth herein, the Defendants repeated calls, made to Plaintiff's home, violated the peace and solitude of his home and violated federal and state no-call laws.

## II. **PARTIES**

3.  Richard M. Zelma (hereinafter, "Plaintiff"), is a natural person and senior citizen, residing at 940 Blanch Avenue, in the Borough of Norwood, Bergen County New Jersey 07648.

4.  Upon information and belief, Defendant David Wanounou (hereinafter "Wanounou" or "Defendant"), is owner, managing member and/or managing partner of Defendants Alpha Energy and PowerPlus USA. Wanounou may be served (individually) at his residence, 34 Skylark Drive, Spring Valley, New York 10977 and transacts or has transacted business in this State.

5.  Upon information and belief, Defendant Alpha Gas and Electric, (hereinafter "Alpha Energy" or "Defendant") is a domestic for-profit corporation organized under the laws of the State of New York, with its principal

corporate office located at 971 Route 45, Suite 202, Pomona, New York, 10970 and transacts or has transacted business in this State.

6. Defendant Alpha Energy does not list a registered agent; therefore service may be made upon its owner, managing member and/or managing partner, David Wanounou, 34 Skylark Drive, Spring Valley New York 10977.

7. Upon information and belief, Defendant Power Plus USA (hereinafter "Power Plus" or "Defendant") is a for-profit entity organized under the laws of the State of Florida and is owned by Defendant Wanounou.

8. Upon information and belief, Power Plus USA performs the telemarketing and call-center services for Alpha Energy and transacts or has transacted business in this State.

9. Power Plus lists its Principal Place of Business at 1002 S. Church Avenue, Tampa, FL 33629 and may be served upon its registered agent, VCORP. Services, LLC, 5011 South State Road 7, Suite 106, Davie, FL 33314.

10. Defendant Does' and ABC corporations' identities are currently unknown to Plaintiff and such parties will be identified as that information becomes available.

### III. JURISDICTION AND VENUE

11. The facts giving rise to this complaint have their

primary effect in the County of Bergen. This Court has specific and general jurisdiction under authority of **47 U.S.C. §§227 (b)(1)(B)&(c)(5)(C)**, where Defendants engaged in substantial, continuous and systematic activities by repeatedly initiating unwanted autodialed calls into New Jersey, within this County, to Plaintiff, a resident whose phone numbers are registered with the Federal and States no-call list since inception and the controlling jurisdiction in which the violations occurred.

12. As further set out below, the defendant's and each of them purposely directed their activities towards Plaintiff, deliberately, willfully or knowingly, annoying his household in the course of soliciting their products, goods or services by telephone, for their own financial gain.

### IV. ACTS OF AGENTS

13. Whenever and wherever it is herein alleged that the Defendants, either individually, in concert with others or as a group, did any act defined, described or set forth below, it is meant the Defendants performed, caused to be performed and/or participated in the act[s] and/or, that Defendants officers, owner[s], member[s] and/or managing members, partner[s], employees, contractors, assigns, successors, predecessors, affiliates, or 'other' agent[s] performed or participated in

those acts on behalf of, for the benefit of, and/or under the authority of the Defendants and each of them.

## V. BACKGROUND

**14.** Plaintiff's phone number, [201] 767 8153 was listed with the Federal Trade Commission's national do-not-call list, at the commencement of that list, effective, October 1, 2003 and remains on that list to this day. [16 **C.F.R.** §310 *et seq*]

**15.** Plaintiff's phone number, [201] 767 8153 was placed on the NO-CALL list administered by the State of New Jersey, at the commencement of that list, effective May 17, 2004 and remains on that list to this day. [**N.J.S.A.** §56:8-119]

**16.** Plaintiff has/had no prior business relationship with or knowledge of any of the defendants.

**17.** Plaintiff never inquired about the defendant's products or services nor had any contact of any kind with any of the Defendants prior to their telemarketing calls.

**18.** Plaintiff has never sought, inquired, researched nor had any interest in the 'discount' energy service alleged to be offered by the defendants.

## VI. FACTUAL ALLEGATIONS

**19.** Upon information and belief, Defendant Alpha Energy markets itself as a discount energy provider.

20. Upon information and belief, Defendant David Wanounou owns, manages, operates and/or directs Defendant Alpha Energy.

21. Upon information and belief, Defendant Power Plus initiates the subject calls made to benefit Alpha Energy and Wanounou.

22. Upon information and belief, Defendant David Wanounou owns, manages, operates and directs the call-center in Florida identified as ("Defendant") Power Plus USA LLC.

23. Upon information and belief, David Wanounou, as owner, member and/or managing partner in this consortium, approves the initiation of all telemarketing calls and the script[s] used by his telemarketers.

24. It is believed and therefore alleged at all times material to this Complaint, acting alone or in concert with others, Wanounou formulated, directed, controlled, had the authority to control and participated in the acts and practices set forth in this Complaint.

25. Defendant Wanounou is responsible for organizing and creating several of the corporations, establishing and maintaining corporate bank accounts, applying for a Florida telemarketing license on behalf of the enterprise companies, leasing one or more call centers used by Defendants' Power Plus

and Alpha Energy representatives, writing and /or approving the scripts used in the calls and setting up and paying for telephone numbers used in the scheme.

26. At the time of the subject calls, Wanounou willfully or knowingly failed to register himself as well as Alpha Energy or Power Plus USA with the New Jersey Department of Law and Public Safety as a telemarketer.

27. It is believed Wanounou had the authority to control the prohibited acts or practices alleged herein, but chose not to do so.

28. As alleged herein, Wanounou's reckless disregard for the law, knowingly implemented and initiated his unlawful acts and thus violated the TCPA.

## VII. **THE VIOLATIVE CALLS**

29. Upon Plaintiffs inquiry with the New Jersey Department of Law and Public Safety, Telemarketing Registration Division, the Defendants or either of them at the time of the subject calls, had not registered with the Telemarketing Registration Division with their intent to solicit into the State nor did they purchase a no-call list from the State as required under **N.J.A.C.** §13:45D-3.1.

30. (The "FIRST call") On **October 26, 2012 at 3:40:37 PM,** Plaintiff answered a call that was made to his residential land-line, [201] 767-8153, identified on his

-7-

Caller ID coming from [732]-730-5407. The Caller ID "name field" was blank.

31. Plaintiff answered that call during its second ring cycle; Plaintiff said hello; no one came on the line; a prerecorded message was not played, the call itself contained no identifying information, the line was silent.

32. After a few seconds, dial tone returned on line; there was never any abandoned call announcement.

33. Within 1 minute of that call, Plaintiff called back to [732]-730-5407 where an unidentified prerecorded announcement, stated; *"THIS MAILBOX IS FULL AND CANNOT ACCEPT ANY MORE MESSAGES."*

34. Therefore, Plaintiff was unable to identify the calling party or make a no-call-request during normal business hours as required by the TCPA.

35. (The "SECOND call"). October 26, 2012 at 3:43:42 PM, Plaintiff received and answered a call made to his residential land-line of [201] 767-8153, identified on his Caller ID coming from, [732]-730-5407.

36. Upon Plaintiffs completed greeting of "hello, Plaintiff heard a 'beep' tone, the technical term for the call-transfer-validation process of an automated dialer

sending the call to a live agent.[1]

37. Within seconds, a live agent came on line and said;

> *"HI, I NEED TO CHECK WITH THE CUSTOMER WHO HANDLES THE ELECTRIC BILL PLEASE"?*

38. When Plaintiff acknowledged he was the person and asked who was calling, the caller stated;

> *"AWESOME, THIS IS SHIRLEY SIR; I'M CALLING ON BEHALF OF ALPHA ENERGY. WE ARE A SUPPLIER FOR PSE&G AND ROCKLAND ELECTRIC . . . SIR, (SIC) WE SENT OUT IMPORTANT NOTIFICATION (SIC) WITH YOUR ENERGY BILL AND WHAT THAT NOTICE IS EXPLAINING IS THAT (SIC) STARTING NEXT MONTH YOU WILL BE RECEIVING 10% OFF THE COST OF YOUR NEXT ENERGY BILL (SIC), ISN'T THAT GREAT?".*

39. The dialog used by that agent led Plaintiff to believe she knew the residence and account holder she was calling; she knew who she was speaking with and in order to have sent out the claimed 'notification', actually had Plaintiffs account information on her computer screen.

40. Throughout the duration of that call, the representative did not provide or avoided providing the identity of the actual call-center that initiated the call.

41. The caller failed to provide or avoided providing telephone numbers or an address at which the person or

---

[1]    Plaintiff is a retired AT&T telephone system technician having a number of credentials in the telephone and communications industry.

entity on whose behalf the call was being made, may be contacted.

**42.** Plaintiff repeatedly asked the caller for the name of the call-center and was repeatedly told it was Alpha Gas & Electric.

**43.** While Plaintiff tried to get further identity information, the caller deliberately and repeatedly sidestepped those questions, making subtle threats of terminating the call by stating;

> *"SIR I DON'T REALLY HAVE A LOT OF TIME TO ANSWER YOUR QUESTIONS . . . IF YOU ARE NOT INTERESTED, I HAVE A BUSY SCHEDULE AND MUST CONTINUE CONTACTING OTHER CUSTOMERS . . ."*

thus willfully refusing to provide the requisite call-center identity when asked.

**44.** The caller claimed; *"WE ARE THE ACTUAL SUPPLIER"*.

**45.** The caller continued with her script to claim;

> *"I HAVE ALL YOUR ACCOUNT INFORMATION RIGHT HERE ON MY SCREEN, ALL I NEED FOR YOU TO DO IS CONFIRM WHAT I HAVE!"*

**46.** Plaintiff asked the caller to describe the information shown on the screen; again the caller sidestepped the issue avoiding any response.

**47.** Plaintiff offered the name *"Richard Martin"* to which the caller acknowledged as if that name were actually displayed on her screen.

**48.** This lends truth to the fact the caller's script was carefully crafted and orchestrated to deceive the called party into believing all account information was in their possession. The name *"Richard Martin"* was a pseudonym.

**49.** Within that conversation, Plaintiff requested to speak with a supervisor, at which time, "Shirley" stated;

> *"OK MR. MARTIN, I WILL HAVE MY SUPERVISOR CALL YOU BACK SHORTLY."*

**50.** When Plaintiff repeatedly requested the name of the supervisor, "Shirley" repeatedly sidestepped the question claiming she was busy and eventually hung up.

**51. (The "THIRD call").** October 26, 2012 at 3:51:22 PM, Plaintiff answered a call made to his residential land-line, [201] 767-8153, identified on Caller ID coming from [732]-730-5407.

**52.** Plaintiff answered that call during its fourth ring cycle; Plaintiff said hello; no one came on the line; a prerecorded message was not played, the call itself contained no identifying information, the line was silent.

**53.** After a few seconds, dial tone returned on line; there was never any abandoned call announcement.

**54.** Plaintiff immediately called back to [732]-730-5407

where a prerecorded announcement stated;

> *"THIS MAILBOX IS FULL AND CANNOT ACCEPT ANY MORE MESSAGES."*

55. (The "FORTH call"). October 26, 2012 at 3:53:18 PM, Plaintiff answered a call made to his residential land-line, identified on Caller ID coming from [732]-730-5407.

56. Upon his completed greeting, Plaintiff heard the beep tone of an auto-dialer. Within seconds, plaintiff could hear the audible ring of an outgoing call. Plaintiffs Caller Identification changed the incoming number from [732] 730-5407 to [813] 288 8333, an additional number later to be found belonging to the Defendants.

57. Within a few seconds, a prerecorded announcement was heard stating;

> *"THERE ARE NO REPRESENTATIVES AVAILABLE TO ANSWER YOUR CALL, PLEASE TRY BACK DURING NORMAL BUSINESS HOURS, GOOD-BY."*

58. After a few seconds, dial tone came back on line; there was no abandoned call announcement and there was never any identity of the calling party by name.

59. Upon Plaintiffs information, knowledge and belief, the October 26, 2012 at 3:53:18 PM call, when answered by Plaintiff, was call-forwarded to the defendants' alternate and yet unknown call-center.

60. On October 26, 2012 at 3:58 PM, plaintiff received

-12-

a call, identified on Caller ID as [813] 288 8333 from a parson introducing himself as José Menendez, "director of compliance with Alpha Gas and Electric."

61. Mr. Menendez claimed Plaintiffs number was <u>not on the</u> <u>Federal no-call-list</u> and therefore, they were permitted to call him, a claim which is factually incorrect.

62. Menendez was questioned as to his company's registration with the New Jersey Department of Consumer Affairs, as required to telemarket into the state.

63. Menendez response was, "***they were registered***", a claim which is factually incorrect.

64. Plaintiff told Menendez his caller made claims of fraudulent inducement; claiming to be a supplier of electricity; claiming to have included discount coupons in Plaintiffs monthly bill; claiming to have obtained Plaintiffs account records from his utility supplier; claiming to have all of Plaintiffs account information at her disposal; but yet, did not even know who she called.

65. Menendez had no response other then to say he would listen to the "tape" of his agent's conversation with Plaintiff.

66. By doing so, Menendez unknowingly disclosed where Plaintiffs conversation was surreptitiously recorded without his prior express consent.

67. Upon further questioning, Menendez identified his call

-13-

center as 'PowerPlus USA'.

**68.** Upon information and belief, the calls cited above, made to Plaintiff, were initiated by call-center Power Plus USA for the purpose to encourage Plaintiff to switch his utility service to Alpha Energy.

**69.** At all times material and relevant, **at least FOUR (4) calls** were received by Plaintiff, made to his residential land line, the exact amount of calls to be determined through extensive discovery.

**70.** The calls at issue were displayed on Plaintiffs Caller ID as [732]-730-5407 **or** [813] 288 8333. A caller ID name was never provided for any of the defendants' **FOUR (4)** documented incoming calls.

**71.** Each of the Defendant's calls were transmitted with inaccurate caller ID data using the same information for each call; [732]-730-5407 which appears to be a non-working number that prevented Plaintiff from making a no-call request during normal business hours.

**72.** The Defendant's auto-dialer did not provide any announcement as to the name of the caller, the address or a phone number at which the caller could be reached when no agent was available.

**73.** In numerous instances throughout the live call, in connection with the offering of the Defendants services, the

-14-

representative, directly or indirectly, expressly or by implication, stated the defendants were the actual energy supplier.

74. In truth and in fact, in numerous instances throughout the representations set forth in this Complaint, those statements made by the defendants' representative were false and misleading.

75. Following the defendant's statements and claims, Plaintiff made contact with his utility providers, PSE&G and Rockland Electric.

76. On or about October 23, 2013, Plaintiff made contact with James Campos, Manager Supplier Relations, PSE&G. Mr. Campos unequivocally stated that none of the Defendants would have Plaintiffs account information nor is PSE&G affiliated with any of the Defendants.

77. On or about the same time frame, Plaintiff made contact with Vincent Frankel, Director-Ethics & Business Standards, Orange & Rockland Utilities, (O&R). Mr. Frankel unequivocally stated that none of the Defendants would have Plaintiffs account information nor is O&R affiliated with any of the Defendants.

78. The response from the utility company's management clearly defines the defendants claim[s]; being a supplier for those services; having account information and to have included discount certificates within the utility billing statement[s] was an attempt at fraudulent inducement.

## VIII. <u>THIS COURT'S POWER TO GRANT RELIEF</u>

79. 47 <u>U.S.C.</u> §227(b)(3)(A) empowers this Court to grant injunctive and other ancillary relief to prevent and remedy any future violation by the Defendants of any provision of law enforced by the FCC or State Law that protects Plaintiff.

80. Accordingly, Plaintiff has a cause of action against the Defendants and each of them and hereby seeks relief under the TCPA's Strict Liability statutory damage award as well as Permanent Injunctive Relief pursuant to the foregoing as against the Defendants and each of them.

## IX. <u>COUNT ONE</u>
### <u>PROHIBITED USE OF AN AUTOMATED DIALING DEVICE</u>
### <u>VIOLATIONS OF 47 U.S.C. §227(b)(1)(B)</u>

81. Plaintiff repeats, re-alleges and incorporates by reference Paragraphs one through eighty as if set forth in full at length.

82. On the dates set forth herein, Plaintiff received **four (4)** calls to his residential phone line, identified as coming from the defendants.

83. The defendants initiated those four (4) calls using an automated telephone dialing system (ATDS) in violation of the proscriptions of the TCPA, **amended February 15, 2012, FCC REPORT & ORDER, _NPRM, 25 FCC Rcd at 1508-1511, paras. 17-23._**

**84.** Prior to their calls, the Defendants did not have Plaintiffs prior express consent to initiate said calls to his landline phone using an autodialer. **Id.**

**85.** The defendants ATDS did not transmit proper Caller ID information.

**86.** The defendants ATDS did not transmit a name of the calling party in the Caller ID data stream.

**87.** The defendants ATDS did not transmit the requisite 2 second abandoned call announcement.

**88.** The defendants ATDS abandoned those calls prior to the requisite 15 seconds before plaintiff could answer.

**89.** The defendants foregoing conduct by each of them initiating four (4) calls, constitutes four (4) distinct and separate violations to the TCPA, **47 U.S.C.§227(b)(1)(B)** and the Regulations promulgated thereunder at **47 C.F.R.§§64.1200(a)(1)&(3)**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

Award Plaintiff strict liability statutory damages of $500.00 for each of the violations material to Count One for a total of Two Thousand Dollars ($2,000.00).

### X. COUNT TWO
### PROTECTION OF SUBSCRIBER PRIVACY RIGHTS
### VIOLATIONS OF 47 U.S.C. §227(c)

**90.** Plaintiff repeats, re-alleges and incorporates by reference Paragraphs one through eighty-nine as if set

forth in full at length.

91. On the date and times set forth herein, Plaintiff received, identified and answered **four (4) calls** from the Defendants on his residential telephone [land-line] number [201 767 8153].

92. The defendants initiated those calls and solicited Plaintiff four (4) times on **October 26, 2012. Id.**

93. The Defendants initiated telemarketing calls to Plaintiff to his number, [201] 767-8153, a number that was registered on the FTC's no-call-list since inception.

94. Upon information and belief, the Defendants did not register and /or purchase a do-not-call list from the FTC or the New Jersey Division of Consumer Affairs.

95. Upon information and belief, the Defendants agent was not trained to take a do-not-call request.

96. Upon information and belief, the Defendants agent did not record Plaintiff's company specific do-not-call request.

97. Upon information and belief, the defendants purposely, willfully or knowingly transmitted a non-working phone number to Plaintiff's Caller ID, thus preventing him from making a do-not-call request to that call-center.

98. Upon information and belief, the calling agent was

instructed by the call-center owner not to disclose the call-centers true identity.

**99.** The defendants' repeated calls gives rise to a cause of action against each of them under authority of 47 U.S.C. §227(c)(5) as well as the Regulations promulgated thereunder.

**100.** The defendants foregoing conduct by each of them, initiating four (4) calls, constitutes four (4) distinct and separate violations of the TCPA, **47 U.S.C.§227(c)** and the Regulations promulgated thereunder, **47 C.F.R.§64.1200(c)(2)(C).**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

Award Plaintiff strict liability statutory damages of $500.00 for each of the violations material to Count Two for a total of Two Thousand Dollars ($2,000.00).

## XI. COUNT THREE
### Award for Statutory Trebled Damages
### For Willful or Knowing Violations of
### the TCPA, 47 U.S.C. §227(b)(3)(C)

**101.** Plaintiff hereby incorporates all of the allegations of paragraphs one through one hundred as if set forth in full at length.

**102.** Plaintiff's notification not to receive any telemarketing calls was made by his registration with the Federal and State no-call-list at inception of the registry in 2003 & 2004 (respectively). **Id.**

-19-

**103.** The Defendants knowingly or willfully violated the TCPA by soliciting Plaintiff on the dates set forth above, with the prohibited use of an ATDS, intentionally used a carefully orchestrated script with the intent to deceive, implying they were associated with the utility companies, when in actuality, they were not.

**104.** On the dates set forth herein, the defendant(s) knowingly or willfully used an affirmative act in an unconscionable commercial practice of deception, fraud, false pretense, false promise and misrepresentation in connection with the sale or advertisement of their alleged discount energy service.

**105.** The defendants knowing affirmative act had the potential to mislead or deceive Plaintiff when it was performed.

**106.** On the dates set forth above, the defendants knowingly claimed to be an energy supplier, which they are not.

**107.** On the dates set forth above, the defendants knowingly claimed to have included discount coupons with Plaintiffs monthly bill, which they did not.

**108.** On the dates set forth above, the defendants willfully misrepresented to have Plaintiffs account information on file, which they did not.

**109.** On the dates set forth above, the defendants' willfully created a false pretense by claiming to be a supplier for Plaintiffs public utilities, which they are not.

**110.** On the dates set forth above, the defendants knowingly claimed to be registered with the Department of Law and Public Safety, New Jersey Division of Consumer Affairs, which they were not.

**111.** On the dates set forth above, the defendant(s) knowingly concealed the fact they had no affiliation with either of Plaintiffs utilities, PSE&G or Rockland Electric.

**112.** On the dates set forth above, the Defendants knowingly or willfully initiated calls to Plaintiff with their intent to solicit him, using deception and false pretense, knowing his number was on the federal and state no-call-list since inception but chose to call him anyway.

**113.** The defendants foregoing acts or practices as set forth above, were known, accepted and approved prior to implementation by Defendant Wanounou, in his capacity as owner, director or managing member for each of the other defendants.

**114.** The Communications Act of 1934, 47 <u>U.S.C.</u> §312 (f)(1) (of which the TCPA is a part) does not impose a mental state requirement in that it defines willful conduct as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision, rule or regulation."

**115.** The defendants knew or should have known their

intentions to call plaintiff would violate the TCPA as well as New Jersey's no-call law, but they chose to initiate the unlawful calls anyway.

**116.** The Defendants knowingly or willfully violated **47 U.S.C.§227(b)(1)(B)** which, provides by statute and entitles Plaintiff to treble damages, up to $1,500.00, for each and every violation of Count One.

**117.** The Defendants knowingly or willfully violated **47 U.S.C.§227(c)** which, provides by statute and entitles Plaintiff to treble damages, up to $1,500.00, for each and every violation of Count Two.

**118.** Accordingly, the willful intent to violate the TCPA with direct knowledge of its prohibited acts makes each of the Defendants liable thereunder for treble the $500 statutory strict liability damage amount per violation to Counts One and Two, to an award of $1500.00 per violation as per Count Three **47 U.S.C. §§227(b)(3)(B) and (C)**.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

Award Plaintiff strict liability statutory trebled damages of $1500.00 for each of the violations material to Counts One and Two for a total of Twelve Thousand Dollars ($12,000.00).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court:

(a)     Award Plaintiff strict liability statutory damages of $500.00 for each of the **FOUR (4) calls** made in violation of the regulations prescribed under **47 U.S.C. §227(b)(1)(B)** material to Count One for a total of $2000.00.

(b)     Award Plaintiff strict liability statutory damages of $500.00 for each of the **FOUR (4) calls** made in violation of the regulations prescribed under **47 U.S.C. §227(c)(5)(B)** material to Count Two for a total of $2000.00.

(c)     Award Plaintiff **trebled damages** for the series of prohibited calls that were willfully or knowingly made in violation of **47 U.S.C. §§227(b)(1)(B)&(c)(5),** as defined within the Communications Act of 1934, **47 U.S.C. §312(f)(1),** administered by the FCC, for the **four (4) calls** addressed in Counts One and Two for a total of $12,000.00.

**(d)** Award Plaintiff the costs associated with this litigation pursuant to **N.J.S.A. §56:8-19**

**(e)** Award Plaintiff attorney fees if applicable, pursuant to **N.J.S.A. §56:8-19**

**(f)** Award Plaintiff Permanent Injunctive Relief pursuant to **47 U.S.C. §227(b)(3)(A)**

**(g)** In the alternative, award Plaintiff any Other Equitable Relief the Court deems justified to stop the telemarketing defined and described herein.

**(h)** Plaintiff reserves the right to supplement this prayer, in the event additional violations surface through continuing discovery.

**(i)** Plaintiff waives any award in excess of $74,500.00, (Seventy Four Thousand Five Hundred Dollars), excluding costs and /or legal fees.

Respectfully submitted,

By: _____
RICHARD M. ZELMA, *pro se*
PLAINTIFF

Dated: June 9, 2014

-24-

## RULE 4:5-1 CERTIFICATION

Pursuant to the requirements of R. 4:5-1, I certify that the matter in controversy is not the subject of any other Court or Arbitration proceeding, nor is any other Court or Arbitration proceeding contemplated. No other parties should be joined in this action.

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

By: _____
RICHARD M. ZELMA, *pro se*
PLAINTIFF

Dated: June 9, 2014

### NOTICE TO ATTORNEY GENERAL
### FOR THE STATE OF NEW JERSEY

**NOTICE IS HEREBY GIVEN** to the Office of Attorney General for the State of New Jersey pursuant to *N.J.S.A*. *§56:8-20* of the within claim based upon violations of the Consumer Fraud Act and the New Jersey no-call law.

I hereby certify that contemporaneous with the filing hereof, a copy of this pleading has been mailed to the aforesaid Office of Attorney General for the State of New Jersey at the New Jersey State Division of Law, Hughes Justice Complex, 25 W. Market St., P.O. Box 112, Trenton, NJ 08625-0112.

_____
RICHARD M. ZELMA, *pro se*
PLAINTIFF
Norwood, NJ 07648

Dated: June 9, 2014

BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK        NJ 07601-7680

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (201) 527-2600
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   JUNE 12, 2014
                    RE:     ZELMA VS ALPHA GAS AND ELECTRIC LLC
                    DOCKET: BER L -005562 14

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 2.

     DISCOVERY IS    300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON ESTELA M. DE LA CRUZ

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (201) 527-2600.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

                    ATTENTION:

                         RICHARD M. ZELMA
                         940 BLANCH AVENUE
                         NORWOOD        NJ 07648

JUBDIA1

PARKING NOTICE
Through July 31, 2015
Visitors to the Justice Center are
directed to the Lot located at
150 River St., Hackensack,
Regular shuttles round trip
available from 7:30 am to 7:00 pm

## Appendix XII-B1

<table>
<tr>
<td rowspan="2"></td>
<td rowspan="2">

**CIVIL CASE INFORMATION STATEMENT**
**(CIS)**

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),**
**if information above the black bar is not completed**
**or attorney's signature is not affixed**

</td>
<td>

FOR USE BY CLERK'S OFFICE ONLY
PAYMENT TYPE: ☐CK ☐CG ☐CA

CHG/CK NO.

AMOUNT:

OVERPAYMENT:

BATCH NUMBER:
</td>
</tr>
</table>

| 1. ATTORNEY / PRO SE NAME | 2. TELEPHONE NUMBER | 3. COUNTY OF VENUE |
|---|---|---|
| Richard M. Zelma, pro se | (201) 767-8153 | Bergen |

| 4. FIRM NAME (if applicable) | 5. DOCKET NUMBER (when available) |
|---|---|
| N/A | BER- L- 5562 - 14 |

| 6. OFFICE ADDRESS | 7. DOCUMENT TYPE |
|---|---|
| 940 Blanch Avenue Norwood, NJ 07648 | Complaint |
| | 8. JURY DEMAND ☐ Yes ■ No |

| 9. NAME OF PARTY (e.g., John Doe, Plaintiff) | 10. CAPTION |
|---|---|
| Richard M. Zelma | RICHARD M. ZELMA vs. ALPHA GAS AND ELECTRIC, LLC., POWER PLUS USA, LLC., and DAVID WANOUNOU |

| 11. CASE TYPE NUMBER (See reverse side for listing) | 12. HURRICANE SANDY RELATED? | 13. IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|---|
| 699 TORT – OTHER | ☐ YES ■ NO | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| 14. RELATED CASES PENDING? | 15. IF YES, LIST DOCKET NUMBERS |
|---|---|
| ☐ YES ■ No | |

| 16. DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? | 17. NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) |
|---|---|
| ☐ YES ■ No | ☐ NONE ■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| 18. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ■ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|

| 19. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ Yes ■ No |
|---|

20. USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| 21. DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| 22. WILL AN INTERPRETER BE NEEDED? ☐ YES ■ No | IF YES, FOR WHAT LANGUAGE? |

23. I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

24. ATTORNEY SIGNATURE:

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule 4:5-1*

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

### Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 284 NUVARING
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 288 PRUDENTIAL TORT LITIGATION
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 601 ASBESTOS
- 623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

**Please check off each applicable category** ☐ **Putative Class Action** ☐ **Title 59**