### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **RICHARD M. ZELMA,** | : | **Civil Action No. 14-4330 (CCC)** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **REPORT & RECOMMENDATION** |
| | : | |
| **ALPHA GAS AND ELECTRIC, LLC, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**CLARK, Magistrate Judge**

This matter having been opened to the Court by Plaintiff *pro se* Richard M. Zelma's ("Plaintiff") motion to remand this matter to state court [Docket Entry No. 6]; and Defendants Alpha Gas and Electric, LLC ("Alpha"), Power Plus USA, LLC ("Power Plus"), and David Wanounou (collectively "Defendants") having opposed Plaintiff's motion [Docket Entry No. 8]; and the Court having considered the arguments submitted in support of, and in opposition to, Plaintiff's motion; and for the reasons that follow, it is respectfully recommended that Plaintiff's motion to remand this matter be DENIED.

### I.    BACKGROUND

Plaintiff filed the instant action in state court on June 10, 2014 alleging various violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), codified at 47 U.S.C. §227, in connection with several phone calls he alleges to have received from Defendants, despite the fact that his telephone number was registered on the national "do-not-call" list with the Federal Trade Commission. *See Compl.* at ¶14; Docket Entry No. 1-2.   On July 10, 2014 Defendants removed the matter to federal court, alleging federal question jurisdiction because of Plaintiff's claims

under the TCPA. *Notice of Removal* at ¶5; Docket Entry No. 1.   Plaintiff has filed the instant motion to remand on the basis that the removal was procedurally defective.

## II.      LEGAL STANDARD

Title 28, §1441(a) of the United States Code permits a defendant to remove a civil action in state court to a federal court where the action could have been filed originally; that is, where the federal court has subject matter jurisdiction over the action.   *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).   Section 1446 outlines the procedures for removal, and Section 1447 outlines the procedures following removal. 28 U.S.C. §§1446, 1447.   Defects in removal may be procedural or jurisdictional.   In turn, a party's "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. §1447(c).   Jurisdictional defects, however, may be raised at any time. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996).   It is well established that federal courts have a continuing responsibility to raise the issue of subject matter jurisdiction *sua sponte* whenever it is in question. Fed.R.Civ.P. 12(h)(3). *See also Bracken v. Matgouranis,* 296 F.3d 160, 162 (3d Cir. 2002).   Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c).

"[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."   *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *see also Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009).   Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."   *Boyer v. Snap-On Tools Corp*., 913 F.2d 108, 111 (3d Cir. 1990) (citing *Steel Valley Auth. v. Union Switch & Signal Div*., 809 F.2d 1006, 1010 (3d Cir.1987)).

2

### III.    DISCUSSION

Plaintiff argues that Defendants' removal of this matter to federal court was procedurally defective for five reasons: 1) not all Defendants consented to the removal; 2) the Defendants failed to file corporate disclosure statements; 3) Defendants did not file a Certification of Counsel; 4) Defendants did not file a Certificate of Service with the Notice of Removal; 5) this Court does not have original jurisdiction over the claims. *See generally Plaintiffs' Brief in Support*; Docket Entry No. 6-1.

Defendants have opposed Plaintiff's motion to remand, arguing that the Court has original jurisdiction over the claims, all Defendants joined in on the removal, and that all necessary and required papers for removal were timely filed. *See Defendants' Brief in Opposition*; Docket Entry No. 8.   Moreover, Defendants contend that a Certification of Counsel is not required by the rules, and that, although a certificate of service was not filed with the notice of removal, this does not affect service or the perfection of removal. *Id.* at 5.

As a threshold matter, the Court initially finds that it has original jurisdiction over claims arising under the TCPA.   In *Mims v. Arrow Fin. Servs.,* 132 S. Ct. 740 (2011), the Supreme Court held that "[n]othing in the text, structure, purpose, or legislative history of the TCPA calls for displacement of the federal question jurisdiction U.S. district courts ordinarily have under 28 U.S.C. §1331." *Mims,* 132 S. Ct. 740, 753. As such, the Court determined that the state and federal courts hold concurrent jurisdiction over the TCPA. Likewise, this Court finds that it has subject matter jurisdiction over Plaintiff's claims.

Additionally, the Court finds that it is clear that all Defendants consented to the removal of this matter to federal court.   The parties listed on the notice of removal clearly include Alpha,

Power Plus and David Wanounou.   The remaining Defendants in Plaintiff's complaint are fictional and unknown and need not be considered for purposes of removal. *See Balazik v. County of Dauphin,* 44 F.3d 209, 213 n.4 (3d Cir. 1995) ("The unanimity rule may be disregarded where…a non-joining defendant is an unknown or nominal party[.]"); *McManus v. Glassman's Wynnefield, Inc*., 710 F. Supp. 1043, 1045, n.5 (E.D.Pa. 1989).   Each Defendant in this action is represented by the same counsel, Gerald P. Gross, Esq., and the notice of removal was by him on behalf of all three.   As such, the Court finds the requisite consent under 28 U.S.C. §1446 (b)(2)(A).

The Court shall now turn to Plaintiff's additional arguments which involve whether Defendants filed the proper documents necessary to perfect removal.   First, contrary to Plaintiff's assertion, Defendants properly filed corporate disclosure statements for the two corporate Defendants, Alpha and Power Plus. *See* Docket Entry Nos. 2, 3.   Moreover, such statements are not required to be filed with a notice of removal, and indeed, are filed for the purpose of "provid[ing] judges with information to determine if any financial interests require the judge to disqualify him or herself from the case." *Scheibler v. Highmark Blue Shield*, 243 Fed. Appx. 691, 694 (3d Cir. 2007).   Second, a certification of counsel was not required to be filed with the notice of removal. Section 1446 requires only that "[a] defendant…desiring to remove any civil action from a State court shall file…a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant…in such action." 28 U.S.C. §1446 (a). Furthermore, Rule 11 provides the "[u]nless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an

4

affidavit." Fed.R.Civ.P. 11(a).   As such, counsel for Defendants need not have filed a certification along with the notice of removal.

The third and last argument made by Plaintiff is that removal was defective for Defendants' failure to file a certificate of service with their notice of removal.   Pursuant to Local Rule 5.1, "proof of service of all papers required or permitted to be served shall be filed in the Clerk's office[.]"L.Civ.R. 5.1(b).   Nevertheless, Rule 5.1 advises that the "[f]ailure to make the required proof of service does not affect the validity of the service; the Court may at any time allow the proof of service to be amended or supplied unless it clearly appears that to do so would result in material prejudice to the substantive rights of any party." *Id.*   Defendants concede that no certificate of service was filed with the notice of removal. *Deft. Br. Opp.* at 5.   However, Defendants argue that, pursuant to the Rule, this does not affect the service of the notice of removal, and that the Court may permit the certificate of service "to be filed at any time unless it would result in a material prejudice to the rights of a party." *Id.*   Indeed, a certificate of service was filed along with Defendants' opposition papers. *See* Docket Entry No. 8-3.   In light of the foregoing, the Court shall accept Defendants' certificate of service, finding that no prejudice from its late filing results to Plaintiff.   Indeed, Plaintiff does not claim prejudice and acknowledges that he received the notice of removal "via FedEx and regular first Class Mail." *See Pltf. Br. Supp.* at ¶17.   As such, the Court finds that Defendants' initial failure to file a certificate of service with their notice of removal does not render the removal of this action procedurally defective.

## IV.    CONCLUSION

In light of the foregoing, and the Court having considered this matter pursuant to

FED.R.CIV.P.78;

IT IS on this 12th day of September, 2014,

RECOMMENDED that Plaintiff's Motion to Remand be DENIED.

Parties are advised that they may file an objection within 14 days of the date of this Order

pursuant to FED.R.CIV.P. 72(b)(2).


                                   s/James B. Clark, III
                                   **HONORABLE JAMES B. CLARK, III**
                                   **UNITED STATES MAGISTRATE JUDGE**

6